**Aaron Christopher HARGROVE, Petitioner—Appellant,**

v.

**Cheryl PLILER, Respondent—Appellee.**

No. 08–15442.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed May 6, 2009.

Philip Morgan Brooks, Berkeley, CA, for Petitioner–Appellant.

Mary Jo Graves, Esquire, Carlos Antonio Martinez, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SILER,* KLEINFELD and M. SMITH, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Aaron Christopher Hargrove appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. We review Hargrove's *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), claim de novo, because the state court's use of the standard laid out in *People v. Wheeler,* 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (1978), does not satisfy constitutional requirements. *See Wade v. Terhune,* 202 F.3d 1190, 1192 (9th Cir.2000).

 Hargrove failed to present a prima facie case of discrimination with regards to J1. Hargrove's claim "that the totality of relevant facts gives rise to an inference of discriminatory purpose" hinges on a statistical argument involving very small numbers. *Batson,* 476 U.S. at 94, 106 S.Ct. 1712. This argument, standing alone, is insufficient to establish a prima facie case in light of the ample legitimate reasons in the record for the prosecution's challenge. *See Fernandez v. Roe,* 286 F.3d 1073, 1078 (9th Cir.2002). Hargrove's claim of pretext as to J2 and J3 also fails. The prosecution had valid, non-racially focused, individualized reasons for challenging both J2 and J3 on the basis of relationships or personal experiences not shared by the other jurors. *See Miller–El v. Dretke,* 545 U.S. 231, 241, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005).

Hargrove is likewise not entitled to the writ on his claim that he was denied due process. This court is bound by state court interpretations of state law. *Mullaney v. Wilbur,* 421 U.S. 684, 691 & n. 11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Even if Hargrove could show that the state court made federally-recognizable errors, these alleged errors would be harmless in light of the prosecution's strong case against him. *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

**AFFIRMED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.